**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3128-18T2

DAVID COLLINS,

     Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent.

_____

Submitted July 28, 2020 – Decided August 5, 2020

Before Judges Sumners and Mayer.

On appeal from the New Jersey State Parole Board.

David Collins, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Christopher Josephson, Deputy Attorney General, on the brief).

PER CURIAM

David Collins appeals the February 27, 2019 final agency decision of the New Jersey State Parole Board (Board) denying him parole and imposing a twenty-month Future Eligibility Term (FET).  We affirm.

On December 15, 2016, Collins pled guilty to second-degree endangering the welfare of a child by storing or maintaining an item depicting child pornography.  On November 3, 2017, he was sentenced to a five-year prison term.  However, on April 5, 2018, his sentence was amended to remove his sentence to the Adult Diagnostic Treatment Center (Avenel).

On December 31, 2018, Collins became eligible for parole for the first time.  At his August 30, 2018 hearing, the parole officer referred the matter to a two-member Board panel.

Collins was denied parole by the two-member panel on October 1, 2018. In determining there was a reasonable likelihood Collins would violate conditions of his parole if released, the panel cited: the facts and circumstances of the offense; prior offense record; prior incarceration did not deter criminal behavior; insufficient problem resolution, particularly noting, a lack of insight into criminal behavior, gambling problem not sufficiently addressed, and very weak post-release plan given he would have no responsibility while receiving SSI disability; and risk assessment evaluation.  The panel also acknowledged

mitigating factors: minimal offense record; participation in institutional programs; and favorable institutional adjustment. In addition, the panel established a twenty-month FET.

On February 6, 2019, while Collins' appeal to the full Board was pending, the two-member panel administratively amended its October 1, 2018 decision to add the mitigating factors of: infraction free; and attempt made to enroll and participate in programs but not admitted. The panel noted these factors "were in the record at the time [Collins'] case was assessed and . . . were relied upon by the [panel] in rendering the decision to deny [him] parole." Also, while his appeal was pending, Collins was granted minimum custody status.

On February 27, 2019, the full Board issued its decision affirming the panel's decision denying Collins' parole and imposing a twenty-month FET.

Before us, Collins argues:

> POINT I
>
> THE [NEW JERSEY] PAROLE BOARD DID NOT ADHERE TO N.J.S.A. 30:4-123.53, REQUIRING THEY SHOW THE APPELLANT DID NOT COOPERATE IN HIS OWN REHABILITATION, OR IS LIKELY TO VIOLATE CONDITIONS OF PAROLE IF RELEASED.

POINT II

THE REVIEWING PANEL FAILED TO CONSIDER MATERIAL FACTS DURING THE OCTOBER 1, 2018 INTERVIEW, REQUIRING A "CLARIFICATION" ON FEBRUARY 6, 2019, WHEREBY MORE MITIGATING FACTORS WERE FOUND.

POINT III

THE APPELLANT IS MEDICALLY DISABLED; THEREFORE THE PANEL'S REASON FOR DENIAL THAT HE WOULD SPEND HIS DAYS ON SSI IS INCONSISTENT WITH THE FACT THAT DUE TO MEDICAL DISABLITY, THAT IS THE APPELLANT'S ONLY CURRENT OPTION.

In reviewing a final decision of the Board, we consider: (1) whether the Board's action is consistent with the applicable law; (2) whether there is substantial credible evidence in the record as a whole to support its findings; and (3) whether in applying the law to the facts, the Board erroneously reached a conclusion that could not have been reasonably made based on the relevant facts. Trantino v. N.J. State Parole Bd., 154 N.J. 19, 24 (1998). The Board's decision to grant or deny parole turns on whether "there is a substantial likelihood . . . the inmate will commit" another crime if released. Williams v. N.J. State Parole Bd., 336 N.J. Super. 1, 7 (App. Div. 2000). The Board must consider the factors enumerated in N.J.A.C. 10A:71-3.11(b)(1)-(23) in making

4

its decision. The Board, however, is not required to consider each and every factor; rather, it should consider those applicable to each case. McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 561 (App. Div. 2002). The Board can consider an inmate's lack of insight into what led him to commit an offense. Id. at 558-59. An inmate who is denied parole and is serving a "sentence of least four but less than eight years . . . shall serve 20 additional months." N.J.A.C. 10A:71-3.21(a)(3).

We have considered Collins' contentions and conclude they are without sufficient merit to warrant discussion in this opinion, Rule 2:11-3(e)(1)(E), and we affirm substantially for the reasons expressed by the Board in its cogent decision. We add the following remarks.

The Board's action is consistent with the applicable law, there is substantial credible evidence in the record to support its findings, and its conclusions address the relevant facts and arguments raised by Collins. The Board's findings, which we need not repeat here, demonstrate a sound basis for denying Collins' parole. We are likewise satisfied the presumptive twenty-month FET imposed by the Board is supported by the record and is neither arbitrary nor capricious. In sum, on this record, we have no reason to second-

guess the Board's findings or conclusions and thus defer to its expertise in these matters.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-3128-18T2